IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF: | * | |
| | * | |
| COCO BEACH GOLF | * | CASE NO. 15-05312 (ESL) |
| AND COUNTRY CLUB, S.E. | * | |
| | * | |
| DEBTOR. | * | CHAPTER 11 |
| | * | |

_____

**UNITED STATES TRUSTEE'S OBJECTION
TO MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. §363 (f),
REQUEST FOR PROPER NOTICE, AND OTHER GROUNDS**

TO THE HONORABLE COURT:

Guy G. Gebhardt, the Acting United States Trustee for Region 21 (the "United States Trustee"), through his undersigned counsel, respectfully states and prays as follows:

1. On July 13, 2015, <u>the same date of the filing of the petition</u>, Debtor filed *Motion to Sell Property Pursuant to 11 U.S.C. § 363(f)* (DN 4) (the "Motion to Sell").

2. The United States Trustee hereby submits his objection to the Motion to Sell on the following grounds.

## **LACK OF PROPER NOTICE**

3. As stated before, the Motion to Sell was filed along with the filing of the petition. As per the notice provided, objections to the Motion to Sell must be filed by August 6, 2015 and it will be considered on August 10, 2015. That is just after the Individual Debtor Interview (IDI) scheduled for August 3, 2015 and <u>prior to the meeting of creditors</u> pursuant to 11 U.S.C. §341 scheduled for August 21, 2015. The Motion to Sell was filed in such a way that it forces consideration before even basic bankruptcy proceedings can be held.

Case:15-05312-ESL11  Doc#:27  Filed:08/03/15  Entered:08/03/15 15:47:05  Desc: Main
Document  Page 2 of 12

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E.                                                                 Page 2

4.  The Motion to Sell fails to comply with the 21-day notice requirement **to all creditors** under Fed. R. Bankr. P. 2002(a)(2). It limits the notice to the 20 largest creditors, CMECF recipients and some other creditors, not all creditors.

> **Rule 2002 - Notices to Creditors, Equity Security Holders, Administrators in Foreign Proceedings, Persons Against Whom Provisional Relief is Sought in Ancillary and Other Cross-Border Cases, United States, and United States Trustee**
>
> (a) Twenty-one-day notices to parties in interest
> Except as provided in subdivisions (h), (i), (l), (p), and (q) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, **all creditors** and indenture trustees at least 21 days' notice by mail of:
>
> (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice. . .

5.  Local Bankruptcy Rule 6004-1 (*Sale of Estate Property Not in the Ordinary Course of Business*), Sub-section (b) (*Scope and Content of Notice*), also requires notice to all creditors:

> **Rule 6004-1**
> **Sale of Estate Property Not in the Ordinary Course of Business**
> . . . . .
> **(b) Scope and Content of Notice.** A motion/notice for the sale of property must include the following documents, as may be applicable: Title Study; Appraisal of the Property; Terms of the Sale (detailed closing fees and costs); Purchase Option or Sale Agreement; CRIM Debt Certification; and Debt Cancellation Payoff Amount. T**he notice must afford creditors, parties in interest, and affected parties and lienholders** not less than twenty-one (21) days notice and opportunity to object to the proposed action, unless the court shortens the notice period upon appropriate request.

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E.                                                    Page 3

6. Notice of a sale outside the course of business should be given to all creditors.[1]

## DETERMINATION OF NEED (OR LACK THEREOF) FOR APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN

7. Under the Asset Purchase Agreement attached to the Motion to Sell, the "Assumed Contracts" include the following:

*Assumed Contracts* means any written or oral agreement, contract, Lease, sublease, indenture, mortgage, instrument, guaranty, loan or credit agreement, note, bond, customer order, purchase order, service agreement, software license agreement, software maintenance agreement, development agreement, joint venture agreement, promotion agreement, operating agreement, partnership agreement, membership plans and individual membership contracts, other arrangement, understanding, permission or commitment, including any amendments, modifications or supplements to any of the foregoing, which are listed on **Schedule C** attached hereto, as such Schedule may be revised.

8. In addition, under the Asset Purchase Agreement attached to the Motion to Sell, the assets proposed to be transferred include the following:

(f) advertising and promotional literature, customer and supplier lists, working files and correspondence with travel agents and other customers and suppliers (both actual and prospective), and all mailing lists, guest histories and other marketing records and materials, scorecards, and originals or copies of all books, records and other documents which relate to the Golf & Country Club and/or Business;

……

(j) all Golf & Country Club member lists and Golf & Country Club membership plans detailed in **Schedule G**, subject to a credit for the total aggregate amount of reimbursable membership deposits detailed therein.

---

[1] In addition, Rule 6003 states that a court may not grant a 363 sale motion within 21 days following the petition, unless the Debtor can prove that there will be immediate and irreparable harm. Since there was a deficient 21 day notice in this case and the Court scheduled the hearing on the Motion to Sell for after the 21 day period, this is a moot issue in this case.

Case:15-05312-ESL11 Doc#:27 Filed:08/03/15 Entered:08/03/15 15:47:05 Desc: Main
Document Page 4 of 12

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E.                                                                                        Page 4

9. The mentioned member lists and mailing lists may contain personally identifiable information as that term is defined in 11 U.S.C. §101(41A).

10. In fact, the identity of some of its members as listed on the schedules has already been a focus of the local press.

11. The Debtor may have disclosed privacy policies to individuals in connection with its collection of personally identifiable information.

12. The Motion to Sell does not provide sufficient information for the United States Trustee to determine whether a consumer privacy ombudsman needs to be appointed to protect personally identifiable information about consumers. The Motion to Sell does not contain a request consistent with Fed. R. Bankr. P. 6004(g) for the need or lack thereof for the appointment of a consumer privacy ombudsman.

13. Pursuant to 11 U.S.C. § 363(b)(1), a trustee may not sell or lease personally identifiable information to any person unless —

> (A) such sale or lease is consistent with such policy; or
>
> (B) after appointment of a consumer ombudsman in accordance with 11 U.S.C. § 332, and after notice and a hearing, the court approves such sale or such lease —
>
>> (I) giving due consideration to the facts, circumstances and conditions of such sale or such lease; and
>> (ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

14. Section 332(a) of the Bankruptcy Code provides that if a hearing is required under 11 U.S.C. § 363(b)(1)(B), the Court shall order the United States Trustee to appoint, not later than seven (7) days before commencement of the hearing, one (1) disinterested

Case:15-05312-ESL11 Doc#:27 Filed:08/03/15 Entered:08/03/15 15:47:05 Desc: Main Document Page 5 of 12

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E. Page 5

person (other than the United States Trustee) to serve as the consumer privacy ombudsman in the case and shall require that notice of such hearing be timely given to such ombudsman.

15. Section 332(b) provides as follows:

> The consumer privacy ombudsman may appear and be heard at such hearing and shall provide to the court information to assist the court in its consideration of the facts, circumstances, and conditions of the proposed sale or lease of personally identifiable information under section 363(b)(1)(B). Such information may include presentation of—
>
> (1) the debtor's privacy policy;
> (2) the potential losses or gains of privacy to consumers if such sale or lease is approved by the court;
> (3) the potential costs or benefits to consumers if such sale or lease is approved by the court; and
> (4) the potential alternatives that would mitigate potential privacy losses or privacy costs to consumers.

16. The United States Trustee is presently unable to determine whether the Debtor provides a privacy policy to consumers in connection with its business and, if so, whether the policy prohibits the transfer of personally identifiable information to third parties.

17. Because of the Debtor's expressed need to have the proposed asset sale proceed expeditiously and without any unnecessary delay, it is imperative that the consideration of the appointment of a consumer privacy ombudsman take place before the hearing scheduled to consider the sale. Failure to address the need for a consumer privacy ombudsman immediately may result in delay in the hearing to approve the proposed sale. Alternatively, it may force withdrawal of the personally identifiable information from the assets to be sold, even under circumstances which might otherwise

Case:15-05312-ESL11 Doc#:27 Filed:08/03/15 Entered:08/03/15 15:47:05 Desc: Main Document Page 6 of 12

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E.                                                                 Page 6

support the sale of the personally identifiable information. Neither of these alternatives appears to be in the best interest of the estate.

18.   Given that the Motion to Sell was improperly notified, this should give the Court enough time to schedule another hearing for the consideration of the appointment of a consumer privacy ombudsman.

## PURCHASE PRICE MUST BE FAIR AND REASONABLE

19.   The crown jewel property of the estate includes two 18-hole championship golf courses and a full service luxury club house, which was originally transferred to Debtor by an insider and valued at $16,600,000. It is now allegedly worth one million and purported to be sold for $2,042,528.01 million. Valuation methods used assume that the property is restricted to a golf course use based on specific easements. However, those easements are under the sole control of (and therefore potential cancellation by) the Debtor's insiders.

**Restrictive Covenants**

According to Deed 33 before Vanessa Aymerich Conde, dated September 28, 2000, the subject property is subject to restrictive covenants that allow only use as a golf course with related amenities, including a clubhouse. ==The golf use can only be changed with the approval of the owners of Hotel Parcel 1A (Gran Melia), and the resort owners (Coco Beach Development Corp}.==

Page 21 of the Appraisal Report, Exhibit D 2 to the Sale motion.

20.   The Title Study attached to the Motion to Sell as Exhibit D-1 reflects that Debtor's principals have imposed or lifted covenants and restrictions over the various properties as needed.

Case:15-05312-ESL11 Doc#:27 Filed:08/03/15 Entered:08/03/15 15:47:05 Desc: Main
Document Page 7 of 12

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E.                    Page 7

21.   By Debtor's principal's own admission as of February 2015, the property to be sold is part of an entire project, including the hotel, resort villas, and other parcels to be developed. Exhibit 1[2]. It is unclear how this overleveraged part of the same is now dispensable.

22.   Moreover, Debtor's schedules list personal property such as golf carts, clubhouse furniture and fixtures, maintenance and kitchen equipment, supplies and membership dues, amongst many others, valued at over $6,000,000, which are included in the Purchased Assets. It is unclear how this additional value is being taken into consideration in the $2,042,528.01 purchase price.

23.   The property to be sold is subject to a $26.4 million bond-issuing government loan now in default at $32.6 million, which will be paid by all taxpayers. Under the circumstances, Debtor has not established that the price to be paid for the real property is fair and reasonable. See **_In re MF Global Inc.,_** 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012).

## **ADDITIONAL GROUNDS**

24.   Other than a simple statement at paragraph 7 of the Motion to Sell, Debtor has not disclosed any information to place the court, creditors and parties in interest in a position to determine whether the prospective purchaser is not an insider, as the term is defined in 11 U.S.C. § 101(31).

25.   The prospective purchaser OHorizons Global, LLC, incorporated in Puerto Rico in 2013, appears to be related to an international investment corporation (OHorizons Global Network) with no ties to golf-course management. At the very least, the Declaration

---

[2]   Obtained from internet search. Due to time constraints submitted in Spanish. Translation requested and will be submitted when provided.

Case:15-05312-ESL11 Doc#:27 Filed:08/03/15 Entered:08/03/15 15:47:05 Desc: Main Document Page 8 of 12

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E.                                                         Page 8

of Jorge L Diaz Irizarry under penalty of perjury (Exhibit A 2 to the Sale Motion) should have included a statement under oath to the effect that the prospective purchaser is not an insider or related to Debtor or its principals in any way.

26. The Motion to Sell or the Asset Purchase Agreement do not specify which costs will be borne by which party at closing or whether any professionals will be retained for the sale, such as the notary, or at least none that could be readily ascertainable under "Expenses". The Debtor must not pay for costs that further reduce the purchase price or for retained professionals without complying with the constraints of P.R. L. Bankr. R. 6004-1(b) and §§327 and 330 of the Bankruptcy Code.

27. The definition of Auction does not specify whether it will be a private or public auction as required by the notice content requirements of Rule 2002(c)(1).

28. Finally, the Motion to Sell is unclear as to what will happen to the carcass of the Debtor if the sale is consummated, whether there is a carve-out being considered for the benefit of unsecured creditors, and whether the Debtor will be seeking conversion, dismissal, or a liquidated plan, after the sale.

29. The debtor in possession in a chapter 11 case must consider its fiduciary duties to all creditors and interest holders before seeking approval of a transaction under § 363(b). The movant must establish a business justification for the transaction and the bankruptcy court must conclude, from the evidence, that the movant satisfied its fiduciary obligations and established a valid business justification. A sale, use, or lease of property under § 363(b) is not per se prohibited even though it purports to sell all, or virtually all, of the property of the estate, but such sales (or proposed sales of the crown jewel assets of the estate) are subject to special scrutiny. **In re Gulf Coast**, 404 BR 407, 421 (2015).

Case:15-05312-ESL11   Doc#:27   Filed:08/03/15   Entered:08/03/15 15:47:05   Desc: Main
Document   Page 9 of 12

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E.                                           Page 9

30.     The cited case of ***In re Gulf Coast*** presents an analysis of the different views regarding 363 sales, including questions to be answered in their consideration: Is there evidence of a need for speed? What is the business justification? Is the case sufficiently mature to assure due process? Is the proposed APA sufficiently straightforward to facilitate competitive bids or is the purchaser the only potential interested party? Have the assets been aggressively marketed in an active market? Are the fiduciaries that control the debtor truly disinterested? Does the proposed sale include all of a debtor's assets and does it include the crown jewel? What extraordinary protections does the purchaser want? How burdensome would it be to propose the sale as part of a confirmation of a chapter 11 plan?

31.     At the very least, all these questions should be addressed under oath at a meeting of creditors and evidence presented at a hearing to consider the Motion to Sell.

32.     As stated before, the most affected party in this transaction is the government, and therefore, the taxpayer. Transactions such as this should "exit the elegant way out of bankruptcy, through full disclosure, objection period, and plan confirmation".[3]

33.     These are preliminary objections based on a cursory review of the documents filed as of the petition date. The United States Trustee reserves the right to advance any other issue before the Court as the review progresses.

34.     For all the above stated reasons, the United States Trustee submits that the *Motion to Sell Property Pursuant to 11 U.S.C. § 363(f)* (DN 4) cannot be approved as filed, and moves the Court to deny the same.

---
[3]     Quoting Hon. Bankruptcy Judge Kevin J Carey, District of Delaware.

Case:15-05312-ESL11 Doc#:27 Filed:08/03/15 Entered:08/03/15 15:47:05 Desc: Main Document Page 10 of 12

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E.                    Page 10

WHEREFORE, the United States Trustee hereby requests that this Honorable Court deny Debtor's *Motion to Sell Property Pursuant to 11 U.S.C. § 363(f)* (DN 4), until and unless:

a) Proper notice to all creditors under Fed. R. Bankr. P. 2002(a)(2) and Local Bankruptcy Rule 6004-1 is provided;

b) The hearing scheduled for August 10 to consider the Motion to Sell is rescheduled as per the new notice;

c) A determination for the need or lack thereof of a consumer privacy ombudsman prior to the Motion to Sell hearing is made;

d) Proof that the purchase price is fair and reasonable is provided;

e) Proof that the prospective purchaser is not an insider is provided;

f) Disclosure as to whether the proposed auction will be a private or a public one is made;

g) Disclosure as to transaction costs and whether any professional will be retained for the sale is provided;

h) Disclosure as to what will happen to the Debtor after the sale is provided;

i) The debtor answers the questions posed in ***In re Gulf Coast***, 404 BR 407, 421 (2015).

Case:15-05312-ESL11 Doc#:27 Filed:08/03/15 Entered:08/03/15 15:47:05 Desc: Main Document Page 11 of 12

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E. Page 11

## - CERTIFICATE OF SERVICE -

I DO HEREBY CERTIFY that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

- LOURDES ARLENE ARROYO PORTELA    larroyo@amgprlaw.com, docketclerk@amgprlaw.com;jruiz@amgprlaw.com
- JOSE R CINTRON    j-cintron-djur@prepa.com, c-aquino@prepa.com
- CHARLES ALFRED CUPRILL    cacuprill@cuprill.com, ccuprill@cuprill.com;docket@cuprill.com;luis@cpacarrasquillo.com
- CARMEN PRISCILLA FIGUEROA-BELL    cfigueroa@crimpr.net, cpfbkcy@gmail.com
- MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov
- LUIS C. MARINI BIAGGI    luis.marini@oneillborges.com, docket_clerk@oneillborges.com;rebeca.rodriguez@oneillborges.com;ubaldo.fernandez@oneillborges.com
- ERIC PEREZ OCHOA    epo@amgprlaw.com, docketclerk@amgprlaw.com;ycruz@amgprlaw.com
- MIGDA L RODRIGUEZ COLLAZO    bankruptcyjusticia.gobierno.pr@gmail.com, mlrcbankruptcy@gmail.com;bankruptcynoticesjusticia@gmail.com
- Myrna L. Ruiz-Olmo    myrna.ruiz@oneillborges.com, docket_clerk@oneillborges.com;sharday.rivera@oneillborges.com
- JUAN MANUEL SUAREZ COBO    suarezcobo@gmail.com, suarezcobo.ecf@gmail.com;docketclerk@gmail.com;pennyrose@legalpartnerspr.com;noemi@legalpartnerspr.com;maribel@legalpartnerspr.com;julio@legalpartnerspr.com;casellas.lp@gmail.com;post@legalpartnerspr.com

I DO HEREBY FURTHER CERTIFY that on this same date a true and exact copy of the foregoing has been sent by regular United States mail to Debtor:

**COCO BEACH GOLF & COUNTRY CLUB SE**
PO BOX 21420
SAN JUAN, PR 00928
SAN JUAN-PR

Case:15-05312-ESL11   Doc#:27   Filed:08/03/15   Entered:08/03/15 15:47:05   Desc: Main
Document   Page 12 of 12

UNITED STATES TRUSTEE'S OBJECTION TO
*MOTION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363 (f)*
Case No. 15-05312 (ESL),Coco Beach Golf and Country Club, S.E.                                          Page 12

DATED: August 3, 2015

        GUY G. GEBHARDT
        Acting United States Trustee for Region 21

        OFFICE OF THE U.S. TRUSTEE
        Edificio Ochoa
        500 Tanca Street, Suite 301
        San Juan, Puerto Rico 00901-1922
        Telephone: (787) 729-7444
        Telecopier: (787) 729-7449


        [Electronically Filed]


        By: */s/ Monsita Lecaroz Arribas*
        Monsita Lecaroz Arribas
        Assistant U.S. Trustee
        USDC # 207707