UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 15-05312 |
| COCO BEACH GOLF & COUNTRY CLUB, INC. | CHAPTER 11 |
| Debtor | |

### ORDER (A) APPROVING THE BIDDING PROCEDURES TO SOLICIT HIGHER AND BETTER OFFERS AND SELECT THE SUCCESSFUL BIDDER, FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) SCHEDULING A FINAL SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (C) GRANTING RELATED RELIEF

This matter coming before the Court on the *Motion for Entry of Orders: (A) Approving The Asset Purchase Agreement And Sale Of Certain Of Debtor's Assets, Pursuant To Section 363 And 365 Of The Bankruptcy Code, Free And Clear Of All Liens, Claims, Interests And Encumbrances, and (B) Approving The Bidding Procedures To Solicit Higher And Better Offers And Select The Successful Bidder*[1] (the "Sale Motion"). In the Sale Motion, the Debtor requested, pursuant to sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, entry of (i) an order: (a) authorizing procedures for the marketing and sale of the Purchased Assets (the "Bidding Procedures Relief") including, but not limited to, (1) approving the procedures that are attached hereto as **Schedule 1** (the "Bidding Procedures"), and (2) approving the conduct of an auction for the sale of the Purchased Assets (the "Auction"); (b) scheduling a hearing (the "Sale Hearing") to consider approving (1) the sale of substantially all of the assets of the Debtor and (2) the terms of the assumption and assignment of certain related executory

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in the Sale Motion and its exhibits, as applicable.

contracts and unexpired leases to which the Debtor is a party (any such contract or lease, an "Assumed Contract"); and (c) authorizing and approving the form and manner of the Debtor's proposed notice of the Auction and the Sale Hearing; and (ii) an order authorizing and approving the Sale (as such term is defined below) to the Successful Bidder (as such term is defined in the Bidding Procedures) (the "Sale Order").

The Court (a) having reviewed the Sale Motion and the Declaration of Jorge L. Díaz-Irizarry under Penalty of Perjury; (b) having conducted a hearing on August 10, 2015 to consider the approval of the Bidding Procedures (the "Hearing" ) and the objections to the Sale Motion filed by the United States Trustee and the Puerto Rico Tourism Development Fund (the "TDF"); (c) having reviewed the record and statements of counsel and the evidence presented at the Hearing, as well as Debtor's notification of the Sale Motion as directed thereat, the subsequent limited opposition of the TDF to the Bidding Procedures and the Debtor's consent thereto; IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Debtor has articulated good and sufficient reasons for, and the best interests of its estate will be served by, this Court granting the Bidding Procedures Relief requested in the Sale Motion relating to (1) the stalking horse Asset Purchase Agreement (including all exhibits, schedules and ancillary agreements related thereto, the "APA") by and between the Debtor and OHorizons Global, LLC, or its designee (the "Buyer") which proposes the sale of the Purchased Assets to the Buyer (the "Sale"), and (2) the procedures described below for the determination of the amounts necessary to cure defaults under the Assumed Contracts (the "Cure Costs") so as to permit the assumption and assignment under

section 365 of the Bankruptcy Code of the Assumed Contracts to the Buyer, and (3) the forms of the Sale Notice and Cure Notice attached with the exhibits to the Sale Motion.

    B.    The Debtor has articulated good and sufficient reasons for, and the best interests of its estate will be served by, this Court scheduling a subsequent Sale Hearing to consider granting other relief requested in the Sale Motion, including approval of the Sale and the transfer of the Purchased Assets to the Successful Bidder free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code.

**IT IS HEREBY ORDERED THAT:**

    1.    The Bidding Procedures Relief requested in the Sale Motion is GRANTED to the extent set forth herein.

    2.    The Bidding Procedures, which are attached hereto as **Schedule 1**, are hereby approved and shall govern all bids and bid proceedings relating to the sale of the Purchased Assets.

    3.    The good faith deposits of the Buyer and any other Potential Bidder shall be held in escrow and shall not become property of the Debtor's bankruptcy estate unless and until released from escrow to the Debtor pursuant to the terms of the applicable escrow agreement.

    4.    The deadline for submitting a Qualified Bid (as such term is defined in the Bidding Procedures) shall be 5:00p.m. (Prevailing Eastern Time) on November 16, 2015 (the "Bid Deadline").

    5.    As further described in the Bidding Procedures, the Debtor shall conduct the Auction within five (5) days from the Bid Deadline. To that end, the

Auction will be held at 10:00 a.m. (Prevailing Eastern Time) on November 23, 2015 if more than one Qualified Bid for the Purchased Assets is timely received. If no other Qualifying Bids are received, no Auction shall be necessary.

6. The Court shall conduct the Sale Hearing, on December 1, 2015 at 10:30 a.m. (Prevailing Eastern Time), at which hearing the Court will consider approval of the Sale to the Successful Bidder.

7. The form of the Sale Notice attached hereto as **Schedule 2** is hereby approved in all respects, and the Debtor is authorized to advertise a publishable form thereof (the "Publication Notice") as set forth herein.

8. Parties in interest shall receive or be deemed to have received good and sufficient notice of all relief sought in the Sale Motion, including but not limited to the Sale Hearing, the proposed Sale Order, the proposed sale of the Purchased Assets and the Cure Costs as well as the proposed assumption and assignment of the Assumed Contracts. Within five (5) days from entry of this Order (the "Mailing Deadline"), the Debtor shall (a) publish the Publication Notice one time in El Vocero Newspaper or such other suitable publication as determined by the Debtor; (b) serve a copy of the Sale Notice upon (i) all of the Debtor's creditors that have filed proofs of claim in the Debtor's chapter 11 cases or whose claims are listed by the Debtor in its schedules of liabilities, (ii) any party who, in the past year, expressed in writing to the Debtor an interest in the Purchased Assets or the Debtor's other assets; (iii) nondebtor parties to the Assumed Contracts; (iv) all parties who are known or reasonably believed to have asserted a lien, encumbrance, claim or other interest in any of the Debtor's assets; (v) the Internal Revenue Service; and (vi) applicable local taxing authorities.

9. Any objections to approval of the Sale for any reason (other than for objections to any proposed Cure Costs or the provision of adequate assurance of future performance under Assumed Contracts by the Successful Bidder), including the sale of the Purchased Assets free and clear of liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, shall be filed within thirty (30) days from the Mailing Deadline (the "Sale Objection Deadline").

10. Except as provided in paragraph 12 below, to be considered, objections to the Sale or any of the related relief sought therein must (a) be in writing, (b) state the basis of such objection with specificity, (c) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico; and (d) be filed with the Bankruptcy Court and served in accordance with the rules of the Bankruptcy Court upon: (i) *Charles A. Cuprill, PSC Law Offices, attention Charles A. Cuprill Hernández, Esq., 356 Fortaleza Street, Second Floor, San Juan, Puerto Rico 00901; McConnel Valdés, LLC, attention Harry O. Cook, Esq., 270 Muñóz Rivera Ave., San Juan, Puerto Rico 00918; Adsuar Muñiz Goyco Seda & Pérez-choa, PSC, 208 Ponce de León Ave., attention Eric Pérez-Ochoa, Esq., Suite 1600, San Juan, PR 00918; Puerto Rico Tourism Development Fund, attention Melba Acosta Febo, PO Box 42001, Minillas Station, San Juan, PR 00940-2001; and the Office of United States Trustee for the District of Puerto Rico, Ochoa Building, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922* (collectively, the "Notice Parties"), so as to be actually received no later than the Sale Objection Deadline.

11. The form of the Cure Notice attached hereto as **Schedule 3** is hereby approved in all respects. Within five (5) days from entry of this Order, the Debtor

5

shall file with the Court a schedule of cure obligations for the Assumed Contracts that are being made available to the Buyer for potential assumption and assignment (a "Contract and Cure Schedule"), and shall include the same with the service of the Cure Notice. The Contract and Cure Schedule shall include a description of each Assumed Contract to potentially be assumed and assigned under the APA and the Cure Costs, if any, necessary to cure such Assumed Contracts pursuant to section 365 of the Bankruptcy Code. A copy of the Cure Notice, together with the Contract and Cure Schedule, shall be served by first-class mail on each of the nondebtor parties listed on the Contract and Cure Schedule, within five (5) days from entry of this Order. As soon as practicable after the receipt of a Qualified Bid (which is due by 5 p.m. Prevailing Eastern Time on November 16, 2015) seeking the assumption and assignment of an executory contract or unexpired lease of the Debtor not listed on the Contract and Cure Schedule (any such contracts, "Alternative Bidder Contracts"), the Debtor shall file notice of such change with the Court and serve upon each affected counterparty of the applicable Alternative Bidder Contracts the Cure Notice and the amount of any Cure Costs associated with such Alternative Bidder Contracts.

12. Any objections to any proposed Cure Costs for any Assumed Contract (any such objection, a "Cure Objection", and any such disputed costs, "Disputed Cure Costs") or to the provision of adequate assurance of future performance under any Assumed Contracts (an "Adequate Assurance Objection"), must be in writing and filed with the Court and served on the Notice Parties so as to be received no later than thirty (30) days after the Mailing Deadline; provided, however, counterparties to Alternative Bidder Contracts shall have until the start of the Sale

Hearing to file and serve any objections to the assumption and assignment of an Alternative Bidder Contract.

13. If no timely Cure Objection or Adequate Assurance Objection is filed and served with respect to an Assumed Contract or Alternate Bidder Contract, then (a) the Cure Costs identified in the Contract and Cure Schedule with respect to the Assumed Contracts will be the only amounts necessary under section 365(b) of the Bankruptcy Code to cure all monetary defaults under such Assumed Contracts or Alternate Bidder Contract if the Buyer (or other Successful Bidder) ultimately decides to have the applicable Assumed Contract or Alternate Bidder Contract assumed and assigned to it; (b) the Successful Bidder will be deemed to have provided adequate assurance of future performance under the applicable Assumed Contract in accordance with section 365(f)(2)(B) of the Bankruptcy Code if the Buyer (or other Successful Bidder) ultimately decides to have the applicable Assumed Contract assumed and assigned to it; and (c) the party failing to timely file a Cure Objection or Adequate Assurance Objection shall be forever barred from asserting such objections against the Debtor, its estate or the Successful Bidder.

14. If a timely Cure Objection or Adequate Assurance Objection is received and any such objection cannot otherwise be resolved by the parties, such objection shall be resolved at the Sale Hearing or at a subsequent hearing set by the Court.

15. Except as may otherwise be agreed to by the parties to an Assumed Contract, the defaults under the Assumed Contracts that need to be cured in accordance with section 365(b) of the Bankruptcy Code shall be cured by cash payments made by the Buyer in accordance with the provisions of the APA (or any other Successful Bidder as determined at the conclusion of the Auction).

16. Notwithstanding any provision in this Order, the APA or the Bidding Procedures, this Order does not satisfy, and the Court has not yet determined if the Debtor has satisfied, the requirements of section 365 of the Bankruptcy Code for any particular Assumed Contract, including those relating to the cure of any existing default or providing adequate assurance of future performance. No Assumed Contract will be deemed assumed and assigned until the Court has entered an order authorizing the assumption and assignment of a particular Assumed Contract and the Sale pertaining to such Assumed Contract is closed. The Successful Bidder will have no rights in and to any particular Assumed Contract until such time as the particular Assumed Contract is assumed and assigned to the Successful Bidder.

17. The failure of any objecting person or entity to timely file its objection to the Sale and related relief shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, or to the consummation and performance of the Sale contemplated by the APA, including the transfer of the Purchased Assets to the Successful Bidder free and clear of all liens, claims, encumbrances and other interests.

18. The Court shall retain exclusive jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

SO ORDERED.

In San Juan, Puerto Rico, this 28th day of August, 2015.

*/s/ Enrique S. Lamoutte*
Enrique S. Lamoutte
United States Bankruptcy Judge