**SCHEDULE 1- BIDDING PROCEDURES**

**BIDDING PROCEDURES**

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Proposed Sale") of certain of the assets of Coco Beach Golf & Country Club, S.E. (the "Seller") as contemplated in that certain Asset Purchase Agreement (the "APA") between the Seller and the stalking horse purchaser referred therein as the buyer (the "Buyer"). Terms used and not defined herein, shall have the meanings assigned to them in the APA. To the extent of any inconsistency between these Bidding Procedures and the APA, the APA shall govern.

These Bidding Procedures describe, among other things, the form of bids and the manner in which bidders and bids become qualified, the conduct of an Auction, if necessary (as defined herein), and the ultimate selection of the Successful Bidder(s) (as defined herein) (the "Bidding Process") for the Purchased Assets (as defined herein). The Seller has sought protection under title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court") and commenced therein a voluntary chapter 11 case under Case No. 15-05312 (the "Bankruptcy Case"). The Proposed Sale is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court pursuant to sections 363 and 365 of the Bankruptcy Code.

**Purchased Assets**

The Purchased Assets proposed to be sold as part of the Bankruptcy Case are defined more specifically in the APA and include the real estate generally referred to as the Trump International Golf Club (the "Golf Club") and the personal property within the Golf Club owned by the Seller (collectively, the "Purchased Assets").

Except as set forth in the APA, the Proposed Sale of the Purchased Assets shall be "as is" and "where is". The Seller has not made, is not making and shall not be deemed to be making any representation or warranty whatsoever, express or implied, regarding, without being limited to, the Purchased Assets, except for those representations and warranties provided in the APA.

**Overview of Sale**

The Seller will seek approval from the Bankruptcy Court of the stalking horse proposal and of an orderly auction and sale process to consider Qualified Bids (as defined below) and select a Successful Bidder who shall acquire, subject to the Bidding Procedures described below, the Purchased Assets free and clear of any and all liens, claims, liabilities, encumbrances, and other interests, pursuant to sections

363 and 365 of the Bankruptcy Code. In consideration therefor, on the Closing Date, among other things, the Successful Bidder shall remit an indefeasible cash payment (or, a combination of an indefeasible cash payment and a non-cash consideration equal to the Purchase Price (except for the Buyer which shall only remit a cash payment equal to the cash consideration, provided that if Buyer increases its bid pursuant to these Bidding Procedures, consideration in excess of the cash consideration provided under the APA may be in the form of cash and/or non-cash consideration)), without any financing contingency, to the Seller – or directly to the Tourism Development Fund ("TDF"), as instructed by Seller, except, that a portion of the Purchase Price shall be carved out from the Purchase Price to cover certain outstanding debts of the Seller and expenses related to the Proposed Sale (the "Carve Out"). The Carve Out shall be paid directly to the Seller. If the Buyer is the Successful Bidder, the Buyer shall select the notary for the Proposed Sale and the release of the liens over the collateral held by TDF.

## Bankruptcy Filing

The Proposed Sale includes the following milestones (which, similar to the other dates included in this notice and subject to Buyer's rights under the APA, may be subject to change as a result of the Bankruptcy Court's calendar and availability):

(i) On or before July 13, 2015, the Seller shall file (i) a motion seeking approval of the Proposed Sale, the APA, the Bidding Procedures, and entry of the Sale Order (the "Sale Motion"), (ii) the proposed Bidding Procedures Order (the "Bidding Procedures Order"), (iii) the proposed Sale Order (the "Sale Order") and (iv) an appropriate supporting declaration from the Seller, each in form and substance acceptable to the Buyer;

(ii) The Seller will request the Bankruptcy Court that within thirty (30) days of the filing of the Sale Motion, the Bankruptcy Court conducts and concludes a hearing to consider approval of the Bidding Procedures;

(iii) The Seller will request the Bankruptcy Court that at the conclusion of the hearing and approval of the Bidding Procedures, the Bankruptcy Court enters the Bidding Procedures Order;

(iv) The deadline to submit a Qualified Bid will be within forty five (45) days from entry of the Bidding Procedures Order (the "Bid Deadline");

(v) Within five (5) days from the Bid Deadline, an Auction, if necessary, shall have been conducted;

(vi) Within one business days from the conclusion of the Auction or, if no other Qualified Bids are received by the Bid Deadline (as defined below),

then within one business days after the Bid Deadline, the highest and best offer for the Purchased Assets shall have been selected and notified to the Bankruptcy Court; and

(vii) Within five business days after the selection and notification of the Successful Bidder to the Bankruptcy Court, the Bankruptcy Court shall hold a Sale Hearing. Thereafter, within five (5) days after the date that the Sale Order becomes a final, non-appealable order, the Proposed Sale shall have closed (subject to the satisfaction or waiver of the closing conditions of the APA or the Alternate APA, defined below, as applicable); provided that if the Buyer is not the Successful Bidder, then the Deposit shall be delivered to Buyer immediately following the Auction, and the Break-up Fee and the Expense Reimbursement shall be delivered to the Buyer immediately after the Proposed Sale has closed.

The obligations of the Buyer, the Seller and any Successful Bidder, and the consummation of the Proposed Sale, are expressly conditioned upon the entry of the Sale Order by the Bankruptcy Court approving the Proposed Sale in the Bankruptcy Case, which order shall be in form and substance acceptable to the Seller and the Buyer.

For the avoidance of doubt, the Sale Order shall find, provide, and authorize that: (A) the transfer of the Purchased Assets to the Buyer or the Successful Bidder is for fair consideration, not subject to avoidance as a fraudulent transfer or otherwise, and effectuated free and clear of any and all liens, claims, liabilities, encumbrances, rights of first refusal, third party required consents, and any other interests, pursuant to sections 363(b) and 363(f) of the Bankruptcy Code; (B) neither the Buyer or the Successful Bidder nor any of the respective affiliates or representatives or the Purchased Assets shall have any successor or transferee liability of any kind, nature or character whatsoever, (C) both the Buyer and the Successful Bidder and their respective affiliates and representatives have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code and are entitled to all of the protections thereof; and (D) the Purchase Price and the release of liens of TDF upon the Closing Date, constitutes reasonably equivalent value and fair consideration for the Purchased Assets.

## **Bidding Process and Selection of Successful Bidder for the Proposed Sale of the Purchased Assets**

Set forth below are the Bidding Procedures for the Bidding Process for approval with respect to the Proposed Sale of the Purchased Assets to the Buyer or the Successful Bidder. The Proposed Sale is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court pursuant to sections 363 and

365 of the Bankruptcy Code.

## Participation Requirements

Any person or entity (a "Potential Bidder") who wishes to participate in the Bidding Process must be a "Qualified Bidder". A Qualified Bidder is a person or entity:

(i) who has delivered to the Seller on or before the Bid Deadline a bid that constitutes a Qualified Bid (as defined below) for the Purchased Assets and the consideration to be paid for such assets that constitutes an alternative transaction to that of the purchase of all Purchased Assets by the Buyer under the terms of the APA (the "Alternative Transaction");

(ii) whose financial information and credit-quality demonstrate the operational and financial capability (without a financing contingency) to consummate the sale of the Purchased Assets and whom the Seller in good faith determines is reasonably likely (based on availability of funds, experience and other considerations) to be able to consummate a transaction based on the Alternative Transaction if selected as the Successful Bidder. In order to satisfy these requirements, the Qualified Bidder shall submit the following information with its bid: (a) identification of the potential bidder, its principals and the representatives who are authorized to appear and act regarding the auction, (b) disclosure of any connections or agreements between the bidder and the debtor (and any insiders of the debtor), and any other bidders, (c) written confirmation that the bidder is prepared to enter into a legally binding agreement for the acquisition on terms and conditions no less favorable to the debtor than the terms and conditions contained in the APA, including indicating that such bidder will make any required deposits and the total purchase price, and (d) any other information reasonably requested by the Seller to determine that the bidder has the operational and financial capability to close the sale. To avoid any doubt, one or more persons or entities may join together to qualify as a Qualified Bidder; and

(iii) who has timely submitted a Qualified Bid for the Purchased Assets.

In order to become a Qualified Bidder, a Potential Bidder must deliver (unless previously delivered) to the Seller a Qualified Bid, on or before November 16, 2015 at 5:00 p.m. (Prevailing Eastern Time) (the "Bid Deadline") which may be an Alternative Transaction the value of which contains an offer in cash, or in cash equivalents, to purchase the Purchased Assets with a readily ascertainable market value of no less than $75,000 in excess of the Purchase Price set forth in the APA for the Purchased Assets, and is accompanied by an executed copy of a purchase

agreement that is substantially identical to the APA (which shall not contain any term or condition making it more conditional, less favorable to the Seller, or more burdensome to the Seller, than the APA), a red-line showing any changes made from the APA and a commitment to close within five business days of having been selected as the highest and best offer as to the Purchased Assets after the Auction (the "Alternate APA"). A Qualified Bid must also:

    (i)    provide satisfactory evidence of committed financing or current audited financial statements or other form of financial and/or credit-quality disclosure reasonably sufficient to ascertain the Potential Bidder's ability to perform or of those entities that will guarantee the obligations of such bidder;

    (ii)    be accompanied by a cash deposit in the amount of $75,000 with respect to the Purchased Assets, which deposit shall be forfeited as liquidated damages to Seller if the Potential Bidder is selected as the Successful Bidder at the Auction, notified to the Bankruptcy Court, and fails or refuses to close for reasons other than the Seller's default;

    (iii)    be accompanied by a cover letter from the Potential Bidder stating that (a) the Potential Bidder is prepared to enter into and consummate the transactions in accordance with the terms of the Alternate APA after the Auction, (b) the Potential Bidder's offer is not contingent or conditioned on obtaining financing or on any additional due diligence, (c) the offer does not include any bid protections, including any break-up fee, expense reimbursement or similar type of fee or payment, (d) such Potential Bidder's offer is irrevocable until the date that is twenty (20) days after the conclusion of the Auction with respect to the Purchased Assets, and (e) such Potential Bidder consents to the core jurisdiction of the Bankruptcy Court and waives any right to a jury trial in connection with any disputes relating to the Auction and the construction and enforcement of the sale-related pleadings filed with the Bankruptcy Court or the Potential Bidder's bid documents; and

    (iv)    be accompanied by evidence of authorization and approval from the Potential Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the submitted bid.

As promptly as practicable after a Potential Bidder delivers a Qualified Bid, the Seller shall determine and shall notify the Potential Bidder in writing, whether the Potential Bidder is a Qualified Bidder with respect to the Purchased Assets. A bid received from a Qualified Bidder prior to the Bid Deadline that meets the above requirements is a "Qualified Bid". Nothing set forth herein shall be deemed to alter or waive TDF's rights in the Purchased Assets or its rights to credit bid part or all of

its claims, pursuant to section 363 of the Bankruptcy Code and applicable law, at the Auction, if any. Notwithstanding anything to the contrary herein, Buyer and any other Qualified Bidder shall have the right to match or make a higher or better offer to the Seller.

For the avoidance of doubt, the Buyer shall be deemed to be a Qualified Bidder and the APA shall be deemed a Qualified Bid for all purposes hereunder.

## Bid Deadline

A Qualified Bidder that desires to make a bid shall deliver written copies of its bid, and all related documents identified above, to (i) Coco Beach Golf & Country Club, S.E., c/o Charles A. Cuprill, Esq. 356 Fortaleza Street, Second Floor, San Juan, Puerto Rico 00901, and to Harry O. Cook, Esq., PO Box 364225, San Juan, Puerto Rico 00936-4225, on or before the Bid Deadline.

## Due Diligence

Upon a Potential Bidder's execution of a confidentiality agreement in form and substance satisfactory to the Seller and no less restrictive than Buyer's confidentiality agreement with Seller, such Potential Bidder shall be afforded reasonable due diligence access with respect to the Purchased Assets for a forty five (45) day period (the "Due Diligence Period"). Neither the Seller nor its representatives shall be obligated to furnish any information of any kind whatsoever relating to the Purchased Assets at any time prior to or after the Due Diligence Period. Due diligence access may include on-site inspections of the Purchased Assets and such other matters which a Potential Bidder may request and as to which the Seller, in its sole discretion may agree (but such ability to conduct due diligence shall not be unreasonably withheld). The Seller will designate an employee or other representative to coordinate all reasonable requests for information and due diligence access from Potential Bidders. Seller may, in its discretion, coordinate due diligence efforts such that multiple Potential Bidders have simultaneous access to due diligence materials and/or simultaneous attendance at site inspections. Potential Bidders shall be advised to exercise their own discretion before relying on any information regarding the Purchased Assets provided by anyone other than the Seller or its representatives.

Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to inspect and examine the Purchased Assets and to conduct any and all due diligence regarding the Purchased Assets prior to submitting its bid, that it has relied solely upon its own independent review, investigation and/or inspection of any documents in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or

otherwise, regarding the Purchased Assets, or the completeness of any information provided in connection with the Bidding Process by Seller or its respective representatives and agents, except as expressly stated in the relevant APA of the Successful Bidder approved by the Bankruptcy Court.

## Auction

Seller shall conduct an auction (the "Auction") with respect to the Purchased Assets in the event Qualified Bids are submitted by more than one Qualified Bidder prior to the Bid Deadline. Only Qualified Bidders will be eligible to participate in or attend the Auction. The Auction shall take place within five (5) days from the Bid Deadline at 10:00 a.m. (Prevailing Eastern Time) at Charles A. Cuprill, P.S.C., Law Offices, 356 Fortaleza Street, Second Floor, San Juan, Puerto Rico, or such other time or other place as the Seller shall notify the Buyer and all Qualified Bidders who have timely submitted Qualified Bids with respect to the Purchased Assets subject to Auction. The Seller shall provide copies of all Qualified Bids for the Purchased Assets to all other Qualified Bidders, including the Buyer, no less than two business days prior to the Auction. At least one business day prior to the Auction, each Qualified Bidder who has submitted a Qualified Bid for the Purchased Assets must inform the Seller in writing whether it intends to participate in the Auction (each such confirmed Qualified Bidder, the "Auction Participants"). Prior to the commencement of the Auction, the Seller will inform each Auction Participant the identity of the other Auction Participants and of the identity of the then highest Qualified Bid and the Seller's value of such bid.

At the Auction, Qualified Bidders will be permitted to increase their bids (such increased Qualified Bid, a "Qualified Overbid"), provided that each successive overbid shall exceed the then existing highest bid by at least $50,000.00. Each Qualified Bidder shall submit to the Seller at or before the Auction evidence of its financial capability or committed financing sufficient to close on its offer based on any incremental Qualified Overbid, provided that such Qualified Overbid shall not be contingent on financing.

The Auction shall not conclude until each Qualified Bidder has the opportunity to submit, while present at the Auction, a Qualified Overbid with full knowledge of the then existing highest bid. Based upon the terms of the Qualified Overbids received, the number of Qualified Bidders participating in the Auction, and such other information as the Seller determines is relevant, Seller may conduct the Auction in the manner it determines will achieve the maximum value for the Purchased Assets. The Seller will inform the Qualified Bidders participating in the Auction of the manner in which the Auction will be conducted (provided that in all events bidding shall take place by "open out-cry").

## Selection of the Successful Bidder

Prior to the conclusion of the Auction and following each round of bidding or, if no other Qualified Bids are received by the Bid Deadline, immediately after the Bid Deadline, the Seller shall review the Qualified Bid(s) on the basis of financial and contractual terms and the factors relevant to the Bidding Process, including those factors affecting the speed and certainty of consummating the Proposed Sale, and identify the highest or otherwise best offer for the Purchased Assets (the "<u>Successful Bid</u>" and the bidder making such bid, the "<u>Successful Bidder</u>"). At such time, Seller shall notify the Bankruptcy Court of the Successful Bid and the Successful Bidder and the results of the Auction.

### **Closing Date**

Subject to the terms of the Successful Bid the closing on the Proposed Sale shall occur on or before five business days after the selection and notification of the Successful Bidder to the Bankruptcy Court and the Successful Bidder and entry of the Sale Order as a final, non-appealable order (the "<u>Closing Date</u>"). If any such Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the next highest or otherwise best Qualified Bid or Qualified Overbid with respect to the Purchased Assets shall be deemed to be the Successful Bid with respect to the Purchased Assets and the Seller shall effectuate such sale to such next highest Successful Bid within five business days after notification thereof without further order of the Bankruptcy Court. In the event the next highest Successful Bid fails to consummate the sale, this process shall be repeated until the earlier of (i) the date the sale is consummated or (ii) the Return Date, as defined below.

### **Return of Good Faith Deposit**

The deposits of all Qualified Bidders shall be retained by Charles A. Cuprill, PSC Law Offices, and all Qualified Bids will remain open until the date that is twenty (20) days after the notification by the Seller of the Successful Bidder to the Bankruptcy Court (the "<u>Return Date</u>"). On the Return Date, the Seller shall return the deposits to all bidders who submitted bids in connection with the Purchased Assets (other than the Successful Bidder). In addition to any other remedies available to the Seller, the Seller may retain as liquidated damages the deposit of any Qualified Bidder who breaches or fails to perform any of its obligations pursuant to these Bidding Procedures or its Qualified Bid. Notwithstanding the foregoing, in the event that the Buyer is not the Successful Bidder, the Seller (i) shall return the Deposit to the Buyer immediately and (ii) pay the Break-Up Fee along with the Expense Reimbursement immediately on the closing date of the transaction with the Successful Bidder.

SCHEDULE 2- SALE NOTICE

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-05312** |
| **COCO BEACH GOLF & COUNTRY CLUB, INC.** | **CHAPTER 11** |
| Debtor | |

**NOTICE OF (1) BIDDING PROCEDURES**
**AND AUCTION SALE AND (2) SALE HEARING**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.  On July 13, 2015, Coco Beach Gold & Country Club, LLC (the "Debtor") filed with the U.S. Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court") the following motion (the "Sale Motion")[1]: *Motion for Entry of Orders: (A) Approving The Asset Purchase Agreement And Sale Of Certain Of Debtor's Assets, Pursuant To Section 363 And 365 Of The Bankruptcy Code, Free And Clear Of All Liens, Claims, Interests And Encumbrances, and (B) Approving The Bidding Procedures To Solicit Higher And Better Offers And Select The Successful Bidder*

2.  The Sale Motion seeks authority to consummate a stalking horse "Asset Purchase Agreement" (the "APA") between the Debtor and OHorizons Global, LLC, or its designee (the "Buyer"), subject to higher and better bids at an auction, for the purchase of substantially all of the assets of the Debtor (as more specifically defined in the APA, the "Purchased Assets").

3.  On _____, 2015, the Bankruptcy Court entered an order approving the bidding procedures attached hereto (the "Bidding Procedures") pursuant to which the Debtor may solicit bids for the Purchased Assets from interested parties.

4.  BID DEADLINES &AUCTION:  In the event the Debtor receives a Qualified Bid (as defined in the Bidding Procedures) on or before November 16, 2015 at 5:00 p.m. (Prevailing Eastern Time) (the "Bid Deadline"), the Debtor will conduct an auction for the sale of the Purchased Assets (the "Auction") beginning on November 23, 2015 at 10:00 a.m. (Prevailing Eastern Time) at Charles A. Cuprill, P.S.C., Law Offices, 356 Fortaleza Street, Second Floor, San Juan, Puerto Rico.  All parties interested in submitting a bid for the Purchased Assets and

---

[1] Capitalized terms used but not otherwise defined shall have the meanings given to them in the Sale Motion.

attending the Auction must read carefully the Bidding Procedures and comply with the terms thereof.

5. SALE HEARING. A hearing (the "Sale Hearing") to consider the Sale Motion, including the Debtor's assumption and assignment of the Assumed Contracts, the sale of the Purchased Assets to the Buyer (or potential higher bidder) and the other related relief, will be held on December 1, 2015, at 10:30 a.m. (Prevailing Eastern Time), at Courtroom 2, at the United States Bankruptcy Court for the District of Puerto Rico, José V. Toledo Fed. Bldg. & U.S. Courthouse, 300 Recinto Sur, Floor 2, San Juan, Puerto Rico.

6. OBJECTION DEADLINE. Objections, if any, to the Sale Motion, including an objection to the proposed assumption and assignment of the Assumed Contracts, the calculation of the Cure Amounts, or the adequate assurance of future performance by the Buyer must be made in writing, set forth the specific bases for such objection(s) and (a) be filed with the Clerk of the Bankruptcy Court at the following address: United States Bankruptcy Court, José V. Toledo Fed. Bldg. & U.S. Courthouse, 300 Recinto Sur, Floor 1, San Juan, Puerto Rico, and (b) a copy of such objection must be mailed to the Notice Parties listed below, so as to be received no later than _____, 2015 (the "Objection Deadline". The "Notice Parties" are: (i) *Charles A. Cuprill, PSC Law Offices, attention Charles A. Cuprill Hernández, Esq., 356 Fortaleza Street, Second Floor, San Juan, Puerto Rico 00901; McConnel Valdés, LLC, attention Harry O. Cook, Esq., 270 Muñóz Rivera Ave., San Juan, Puerto Rico 00918; Adsuar Muñiz Goyco Seda & Pérez-Ochoa, PSC, 208 Ponce de León Ave., attention Eric Pérez-Ochoa, Esq., Suite 1600, San Juan, PR 00918; Puerto Rico Tourism Development Fund, attention Melba Acosta Febo, PO Box 42001, Minillas Station, San Juan, PR 00940-2001; O'Neill & Borges, attention Luis Marini Biaggi, Esq., American International Plaza, 250 Muñoz Rivera Ave., Ste. 800, San Juan, P.R. 00918-1813; by e-mail to Peter Boonen at peterjboonen@gmail.com; David Needle at davidneedle@fermc.com*; and the Office of United States Trustee for the District of Puerto Rico, attention Monsita Lecaroz, Esq., Ochoa Building, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922.

7. All accepted offers and bids are subject to the approval of the Bankruptcy Court at the Sale Hearing. The Debtor reserves the right to reject any bids it determines do not represent the highest and best offers obtainable.

Dated: _____, 2015

**CHARLES A CUPRILL, P.S.C. LAW OFFICES**
*Attorneys for Debtor*
356 Fortaleza Street
Second Floor
San Juan, Puerto Rico 00901
Tel: (787) 977-0515
Fax: (787) 977-0518
E-Mail: ccuprill@cuprill.com
***s/CHARLES A. CUPRILL-HERNÁNDEZ***

**USDC-PR 114312**

SCHEDULE 3- CURE NOTICE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 15-05312 |
|---|---|
| COCO BEACH GOLF & COUNTRY CLUB, INC.<br><br>    Debtor | CHAPTER 11 |

**NOTICE TO CERTAIN CONTRACT PARTIES OF: (I) PROPOSED SALE OF DEBTOR'S ASSETS, (II) PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; (III) DEADLINE FOR OBJECTING TO CURE COSTS, AND (IV) HEARING ON THE REQUESTED APPROVAL THEREOF**

**TO THE CONTRACT PARTIES LISTED
ON THE ATTACHED SCHEDULE:**

**THIS IS A NOTICE OF POSSIBLE ASSUMPTION AND
ASSIGNMENT OF ONE OR MORE CONTRACTS
TO WHICH YOU MAY BE A PARTY**

    1.    PLEASE TAKE NOTICE THAT on July 13, 2015, Coco Beach Golf & Country Club, LLC (the "Debtor") filed with the U.S. Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court") the following motion (the "Sale Motion")[1]: *Motion for Entry of Orders: (A) Approving The Asset Purchase Agreement And Sale Of Certain Of Debtor's Assets, Pursuant To Section 363 And 365 Of The Bankruptcy Code, Free And Clear Of All Liens, Claims, Interests And Encumbrances, and (B) Approving The Bidding Procedures To Solicit Higher And Better Offers And Select The Successful Bidder.*

    2.    The Sale Motion seeks authority to consummate a stalking horse "Asset Purchase Agreement" (the "APA") between the Debtor and OHorizons Global, LLC or its designee (the "Buyer"), subject to higher and better bids at an auction, for the purchase of substantially all of the assets of the Debtor (as more specifically defined in the APA, the "Purchased Assets").

    3.    Pursuant to the proposed APA, the Debtor seeks to assume and assign to Buyer certain executory contracts and unexpired leases (the "Assumed

---

[1] Capitalized terms used but not otherwise defined shall have the meanings given to them in the Sale Motion.

Contracts") of the Debtor. Prior to Closing of the proposed APA, the Buyer reserves the option to decline assuming one or more of the Assumed Contracts.

4. In connection with the consummation of the proposed APA, the Debtor and the Buyer will cure, to the extent legally required, all defaults currently outstanding under the Assumed Contract to be assumed and assigned (the "Cure Amounts"). **Schedule A** attached hereto identifies (a) the contracts that may be assumed and assigned by the Debtor pursuant to the APA, (b) the counterparty to each such contract, and (c) the Debtor's calculation of the applicable Cure Amount for such contract. You may be a party to one or more of the identified contracts which the Debtor seeks to assume and assign to Buyer.

5. A hearing (the "Sale Hearing") to consider the Sale Motion, including the Debtor's assumption and assignment of the Assumed Contracts and the sale of the Purchased Assets to the Buyer (or potential higher bidder) will be held on December 1, 2015, at 10:00 a.m., at Courtroom 2, United States Bankruptcy Court for the District of Puerto Rico, José V. Toledo Fed. Bldg. & U.S. Courthouse, 300 Recinto Sur, San Juan, Puerto Rico.

6. PLEASE NOTE that OBJECTIONS, if any, to the Sale Motion, including any objections to the proposed assumption and assignment of the Assumed Contracts, the calculation of the Cure Amounts, or the adequate assurance of future performance by the Buyer must be made in writing, set forth the specific bases for such objection(s) and (a) filed with the Clerk of the Bankruptcy Court at the following address: United States Bankruptcy Court, José V. Toledo Fed. Bldg. & U.S. Courthouse, 300 Recinto Sur, Floor 1, San Juan, Puerto Rico, and (b) a copy of such objections must be mailed to the Notice Parties listed below, so as to be received no later than_____, 2015 (the "Objection Deadline").

A copy of your objection must be delivered to each of the following (the "Notice Parties"): *Charles A. Cuprill, PSC Law Offices, attention Charles A. Cuprill Hernández, Esq., 356 Fortaleza Street, Second Floor, San Juan, Puerto Rico 00901; McConnel Valdés, LLC, attention Harry O. Cook, Esq., 270 Muñóz Rivera Ave., San Juan, Puerto Rico 00918; Adsuar Muñiz Goyco Seda & Pérez-choa, PSC, 208 Ponce de León Ave., attention Eric Pérez-Ochoa, Esq., Suite 1600, San Juan, PR 00918; Puerto Rico Tourism Development Fund, attention Melba Acosta Febo, PO Box 42001, Minillas Station, San Juan, PR 00940-2001; O'Neill & Borges, attention Luis Marini Biaggi, Esq., American International Plaza, 250 Muñoz Rivera Ave., Ste. 800, San Juan, P.R. 00918-1813; by e-mail to Peter Boonen at peterjboonen@gmail.com; David Needle at davidneedle@fermc.com; and the Office of United States Trustee for the District of Puerto Rico, attention Monsita Lecaroz, Esq., Ochoa Building, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922.*

7. Any party failing to timely file an objection by the Objection Deadline to the assumption and assignment of the Assumed Contracts, including any objection to the applicable Cure Amount(s) listed in the attached schedule, shall be forever barred from asserting such objections against the Debtor, its estate, the Buyer (or any higher and better bidder).

8. Copies of the Sale Motion and the APA may be obtained upon written request to Debtor's counsel: Charles A. Cuprill-Hernández, Esq., Charles A. Cuprill, PSC Law Offices, 356 Fortaleza Street, Second Floor, San Juan, PR 00901; e-mail ccuprill@cuprill.com.

This Notice is issued with authorization from the Bankruptcy Court.

Dated: _____, 2015.


**CHARLES A CUPRILL, P.S.C. LAW OFFICES**
*Attorneys for Debtor*
356 Fortaleza Street
Second Floor
San Juan, Puerto Rico 00901
Tel: (787) 977-0515
Fax: (787) 977-0518
E-Mail: ccuprill@cuprill.com

*s/***CHARLES A. CUPRILL-HERNÁNDEZ**
**USDC-PR 114312**

## SCHEDULE 1

Assumed **Contracts and Cure Amounts**
[to be added]